UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br> Plaintiff, <br> vs. <br><br> **MARIO JONES,** <br> Defendant. | **2:20-CR-20528-TGB-KGA** <br><br> HON. TERRENCE G. BERG <br><br> **ORDER DENYING MARIO JONES' MOTIONS TO VACATE HIS SENTENCE UNDER 28 U.S.C. § 2255 (ECF NOS. 51; 55);** <br><br> **AND DENYING JONES' MOTION FOR A RECOMMENDATION THAT HE BE PLACED IN A RESIDENTIAL RE-ENTRY CENTER (ECF NO. 66)** |

On October 10, 2022, Petitioner Mario Jones pled guilty to possessing a stolen firearm, in violation of 18 U.S.C. § 922(j). ECF No. 34, PageID.148, PageID.133-34. On March 9, 2023, the Court committed Jones to the custody of the United States Bureau of Prisons for 100 months. ECF No. 41, PageID.230-31. Now, Jones moves for the Court to vacate his sentence under 28 U.S.C. § 2255 for ineffective assistance of counsel, ECF Nos. 51, 55, and to recommend that Jones be transferred to a residential re-entry center. ECF No. 66. The government responded to Jones' Motions. ECF Nos. 63, 67. Both Motions are **DENIED**.

### A.   Jones § 2255 Claim

In his Motion to Vacate, and a later-filed "Supplement," Jones
stated that the following was ineffective assistance of counsel:

> Jones' counsel failed to explain to Jones whether
> his plea agreement was an open plea or a binding
> plea. . . . Jones was ultimately sentenced with a
> base level offense of 28 instead of 25. Accordingly,
> this prejudiced Jones.

ECF No. 51, PageID.268.

> Jones' attorney failed to go over the pre-sentence
> investigation report so he can adequately object to
> any enhancements that the probation office will
> possibly apply to him. . . . He understood . . . that
> his final base level after accepting responsibility
> was a 25. Jones' then attorney failed to explain the
> sentencing exposure he will face because he would
> have not proceed[ed] any further if Jones knew he
> could possibly receive an enhancement.

ECF No. 55, PageID.278.

A prisoner serving a sentence imposed by a federal court may
challenge that sentence under 28 U.S.C. § 2255 "upon the ground that
[it] was imposed in violation of the Constitution or laws of the United
States ... the court was without jurisdiction to impose such sentence, or
... the sentence was in excess of the maximum authorized by law, or is
otherwise subject to collateral attack." As relief, the prisoner may ask the
court which imposed the sentence to correct, vacate, or set it aside. The
law is clear that "§ 2255 claims that do not assert a constitutional or
jurisdictional error are generally cognizable only if they involved 'a

fundamental defect which inherently results in a complete miscarriage of justice.' " *Snider v. United States*, 908 F.3d 183, 189 (6th Cir. 2018) (*quoting Davis v. United States*, 417 U.S. 333, 346 (1974) (internal quotation marks omitted)).

Claims for ineffective assistance of counsel are reviewed under the two-part test outlined in *Strickland v. Washington*, 466 U.S. 668 (1984). Under that framework, a defendant must show both that counsel's performance was deficient, and that counsel's deficient performance prejudiced the defense. *Id.* at 687. To establish prejudice, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Seaman v. Washington*, 506 F. App'x 349, 354 (6th Cir. 2012) (*citing Strickland*, 466 U.S. at 694). Further, "[j]udicial scrutiny of counsel's performance must be highly deferential" and "[a] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 669.

But "where the court has scrupulously followed the required [Rule 11] procedure, 'the defendant is bound by his statements in response to that court's inquiry.'" *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986) (*quoting Moore v. Estelle*, 526 F.2d 690, 696-97 (5th Cir.1976). The Court cannot conclude that Jones' counsel was ineffective in informing Jones of the plea's terms, or that he would have not pled guilty had he

understood the plea's terms, because after extensive inquiry from the Court, Jones testified that he understood the terms of his plea agreement.

At the plea hearing, the attorney for the government stated that the Court would determine Jones' guideline range. ECF No. 58, PageID.299. That attorney also informed Jones that the government would recommend that Jones receive a sentence of 100 to 120 months. *Id.* at PageID.299-300. The Court also told Jones this. *Id.* at PageID.307. And, in fact, Jones was sentenced at the low end of the range that he had been told would apply. Therefore, Jones was correctly informed as to the nature of his plea.

Following this explanation, the Court asked: "And Mr. Jones, in listening to what [the attorney for the government] said], does that match your understanding of what the agreement is?" *Id.* at PageID.301. Jones responded: "Yes, your honor." *Id.* The Court proceeded to ask Jones, again, whether he felt like he understood his plea agreement completely. Jones said yes. *Id.* at PageID.302. Jones is bound by his statements in response to the Court's inquiry. *See Baker*, 781 F.2d at 90.

Jones also stated that he was "fully satisfied with the work, and the advice and the counsel that [his then-attorney] has provided to you in this case . . . ." ECF No. 58, PageID.305-06. Jones did not say that his attorney had failed to explain whether his guideline range was binding. Moreover, at Jones' sentencing, he stated that he *did* get a chance to review his presentence report with his lawyer and confirmed that the

report was correct. ECF No. 59, PageID.327. From Jones' own statements, the Court concludes that his attorney correctly informed him about the nature of his plea agreement, and that Jones *did* have a chance to review his presentence report with his lawyer. Therefore, Jones' counsel was not ineffective, and his motion to vacate his sentence under 28 U.S.C. § 2255 is denied. Jones is bound by his statements at his plea and sentencing that he was correctly informed about his plea's terms.

### B.    Jones' Motion for Reentry Program Recommendation

Jones argues that under 18 U.S.C. § 3621(b), the Court should recommend that Jones be placed in a residential re-entry program outside of prison. "While a court may make a non-binding recommendation for placement in a halfway house, the BOP has the exclusive authority to determine if an inmate should be placed there and, if so, for how long." *United States v. Barnier*, No. CR 20-20549, 2024 WL 4595110, at *1 (E.D. Mich. Oct. 28, 2024)(Cox, C.J.), *citing* 18 U.S.C. § 3621(b). This decision is properly within the discretion of the Bureau of Prisons, and the Court has not seen evidence which persuades it to make a non-binding recommendation that the Bureau transfer Jones early.

**SO ORDERED.**

Dated: August 22, 2025          /s/Terrence G. Berg
_____
                                HON. TERRENCE G. BERG
                                UNITED STATES DISTRICT JUDGE